

FILED
06 SEP 22 PM 2: 57
CLERK U.S. DISTRICT COURT
NORTHERN DISTRICT OF OHIO
AKRON

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF OHIO

EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Case No. 1:06CR0199 |
| | ) | |
| Plaintiff, | ) | |
| | ) | Judge David D. Dowd, Jr. |
| v. | ) | |
| | ) | |
| BRAD W. STEILING, | ) | |
| | ) | **PLEA AGREEMENT** |
| Defendant. | ) | |

Pursuant to Rule 11(c)(1)(A) of the Federal Rules of Criminal Procedure, and in consideration of the mutual promises set forth below, the United States Attorney's Office for the Northern District of Ohio (hereinafter "USAO"), by and through its undersigned attorney, and the defendant, BRAD W. STEILING (hereinafter "Defendant"), agree as follows:

*plea.agreement.wpd*  *Defendant's Initials:* BS

Plea Agreement of BRAD W. STEILING - page 2 of 14

## MAXIMUM PENALTIES AND OTHER CONSEQUENCES OF PLEADING GUILTY

1. **Waiver of Constitutional Trial Rights.** Defendant understands that Defendant has the right to plead not guilty and go to trial. At trial, Defendant would be presumed innocent, have the right to trial by jury or the Court, with the consent of the United States, the right to the assistance of counsel, the right to confront and cross-examine adverse witnesses and subpoena witnesses to testify for the defense, and the right against compelled self-incrimination. Defendant understands that Defendant has the right to an attorney at every stage of the proceeding and, if necessary, one will be appointed to represent Defendant. Defendant understands that, if Defendant pleads guilty and that plea is accepted by the Court, there will not be a further trial of any kind, so that by pleading guilty Defendant waives the right to a trial.

2. **Maximum Sentence.** The statutory maximum sentence(s) for the count(s) to which Defendant agrees to plead guilty is/are as follows:

| Count | Statute | Maximum sentence per count |
|---|---|---|
| 1 | 18 U.S.C. § 2422(b) | Imprisonment: 30 years<br>Fine: $250,000.00<br>Supervised release: Life |
| 2 | 18 U.S.C. § 2241(c) | Imprisonment: Life<br>Fine: $250,000.00<br>Supervised release: Life |

*plea.agreement.wpd*  Defendant's Initials: _BS_

Plea Agreement of BRAD W. STEILING - page 3 of 14

| Count | Statute | Maximum sentence per count |
|---|---|---|
| 3 | 18 U.S.C. § 2423(b) | Imprisonment:30 years<br>Fine: $250,000.00<br>Supervised release: Life |

3. **Minimum sentence must include imprisonment.** The sentence for the offense charged in count 1 may not be satisfied by a term of probation and must include a period of imprisonment not less than 5 years.

4. **Sentencing Guidelines.** Defendant understands that federal sentencing law requires the Court to impose a sentence which is reasonable and that the Court must consider the advisory U.S. Sentencing Guidelines in effect at the time of sentencing in determining a reasonable sentence.

5. **Special Assessment.** Defendant will be required to pay a mandatory special assessment of $300.00, due immediately upon sentencing.

6. **Costs.** The Court may order Defendant to pay the costs of prosecution and sentence, including but not limited to imprisonment, community confinement, home detention, probation, and supervised release.

7. **Restitution.** The Court may order Defendant to pay restitution as a condition of the sentence, probation, and/or supervised release.

8. **Violation of Probation/Supervised Release.** If Defendant violates any term or condition of probation or supervised release, such violation could result in a

Plea Agreement of BRAD W. STEILING - page 4 of 14

period of incarceration or other additional penalty as imposed by the Court. In some circumstances, the combined term of imprisonment under the initial sentence and additional period of incarceration could exceed the maximum statutory term.

## ELEMENTS OF THE OFFENSES

9. The elements of the offenses to which Defendant will plead guilty are:

| Count 1: 18 U.S.C. § 2422(b)   Coercion and Enticement ||
|---|---|
| One: | Defendant knowingly persuaded, induced, enticed, coerced, or attempted to persuade, induce, entice, or coerce, any individual who has not attained the age of 18 years old, to engage in prostitution or any sexual activity for which any person can be charged with a criminal offense; and |
| Two: | Defendant did so by use of the mails or any facility or means of interstate or foreign commerce, or within the special maritime jurisdiction and territorial jurisdiction of the United States. |

| Count 2: 18 U.S.C. § 2241(c)   Aggravated Sexual Abuse ||
|---|---|
| One: | Defendant crossed a State line; and |
| Two: | Defendant did so with the intent to engage in a sexual act with a person who had not attained the age of 12 years |

| Count 3: 18 U.S.C. § 2423(b)   Travel with Intent to Engage in Illicit Sexual Conduct ||
|---|---|
| One: | Defendant knowingly traveled in interstate commerce; and |
| Two: | Defendant did so for the purpose of engaging in any illicit sexual conduct with another person. |

plea.agreement.wpd

Defendant's Initials: _BS,_

Plea Agreement of BRAD W. STEILING - page 5 of 14

## AGREEMENTS AND STIPULATIONS OF THE PARTIES

### GUILTY PLEAS / OTHER CHARGES

10. **Agreement to Plead Guilty.** Defendant agrees to plead guilty to counts 1, 2 & 3 of the Indictment in this case.

11. **Agreement Not to Bring Certain Other Charges.** The USAO will not bring any other criminal charges against Defendant based on facts currently within the knowledge of the USAO.

### FACTUAL BASIS

The parties stipulate to the following facts, which satisfy all of the elements of the offenses to which Defendant agrees to plead guilty:

12. Between February 14, 2006 and March 28, 2006, Defendant participated in communication with an individual whom he thought to be an adult woman with two daughters, aged twelve and nine, but was in reality an undercover FBI agent. Such communication consisted of instant message conversations, e-mails, and telephone calls. During the course of said communications, Defendant repeatedly expressed his desire to engage in various sexual acts with the individuals he thought to be an adult woman and her two daughters, aged twelve and nine.

Defendant communicated, via telephone and computer, with undercover FBI agents posing as the twelve-year-old girl mentioned in paragraph 12, and during such

Plea Agreement of BRAD W. STEILING - page 6 of 14

communication, Defendant expressed his desire to engage in sexual activity with both girls, aged 12 and 9, including sexual intercourse, oral sex, and anal sex.

During all the communication described in paragraph 12 ~~and~~, Defendant was in the State of Florida and the undercover FBI agents were in the State of Ohio.

On March 29, 2006, Defendant traveled from the State of Florida to the State of Ohio for the purpose of engaging in sexual activity with three individuals he thought to be an adult woman and her two daughters, aged nine and twelve.

Defendant brought several items with him from Florida to Ohio, including, two Mickey Mouse watches which he had purchased for the children he was to visit, 26 condoms and two bottles of Cialis, an erectile dysfunction medication.

## WAIVER OF APPEAL AND POST-CONVICTION ATTACK

13. Defendant acknowledges having been advised by counsel of Defendant's rights, in limited circumstances, to appeal the conviction or sentence in this case, including the appeal right conferred by 18 U.S.C. § 3742, and to challenge the conviction or sentence collaterally through a post-conviction proceeding, including a proceeding under 28 U.S.C. § 2255. The Defendant expressly waives those rights, except as reserved below. Defendant reserves the right to appeal: (a) any punishment in excess of the statutory maximum; (b) any sentence to the extent it exceeds the maximum of the sentencing range determined under the advisory Sentencing Guidelines in accordance

Plea Agreement of BRAD W. STEILING - page 7 of 14

with the sentencing stipulations and computations in this agreement, using the Criminal History Category found applicable by the Court. Nothing in this paragraph shall act as a bar to the Defendant perfecting any legal remedies Defendant may otherwise have on appeal or collateral attack respecting claims of ineffective assistance of counsel or prosecutorial misconduct.

## SENTENCING STIPULATIONS AND AGREEMENTS

14. **Stipulated Guideline Computation.** The parties agree that the following calculation represents the correct computation of the applicable offense level in this case, prior to any adjustment for acceptance of responsibility. The parties agree that no other Sentencing Guideline adjustments apply.

| Counts 1 & 3 | Guideline § 2G1.3 | |
|---|---|---|
| Base offense level | 24 | § 2G1.3(a) |
| Use of Computer | +2 | § 2G1.3(b)(3) |
| | | |
| **Subtotal** | 26 | |

| Counts 2 | Guideline § 2A3.1 | |
|---|---|---|
| Base offense level | 30 | § 2A3.1(a) |
| Victim under 12 | +4 | § 2A3.1(b)(2)(A) |
| Use of Computer | +2 | § 2A3.1(b)(6)(b) |
| | | |

Plea Agreement of BRAD W. STEILING - page 8 of 14

| Subtotal | 36 | |
|---|---|---|

| Multiple Count Adjustment   Guideline § 3D1.4 | |
|---|---|
| Highest Group Offense Level | 36 |
| Plus: Increase for Multiple Count Adjustment | 0 |
| Total Offense Level before Acceptance of Responsibility | 36 |

15. **Acceptance of Responsibility.** The USAO has no reason to believe at this time that Defendant has not clearly and affirmatively accepted personal responsibility for Defendant's criminal conduct. Defendant understands, however, that the Court will determine acceptance of responsibility based on Defendant's overall conduct as of the date of sentencing.

16. **Criminal History Category.** The parties have no agreement as to the Criminal History Category applicable in this case. Defendant understands that the Criminal History Category will be determined by the Court after the completion of a Pre-Sentence Investigation by the U.S. Probation Office.

17. **Special Conditions of Supervised Release or Parole.**

A) Defendant shall consent to the U.S. Probation Office conducting periodic unannounced examinations of his computer system(s), which may include retrieval and copying of all memory from hardware/software and/or removal of such system(s) for the purpose of conducting a more thorough inspection and will consent to having installed on

*plea.agreement.wpd*  Defendant's Initials: _BS_

Plea Agreement of BRAD W. STEILING - page 9 of 14

his computer(s), at his expense, any hardware/software to monitor his computer use or prevent access to particular materials. Defendant hereby consents to periodic inspection of any such installed hardware/software to insure it is functioning properly. Defendant shall provide the U.S. Probation Office with accurate information about his entire computer system (hardware/software); all passwords used by him; and his Internet Service Provider(s); and will abide by all rules of the Computer Restriction and Monitoring Program. Defendant shall submit to his person, residence place of business, computer, and/or vehicle, to a warrantless search conducted and controlled by the United States Probation Office at a reasonable time and in a reasonable manner, based upon reasonable suspicion of contraband or evidence of a violation of a condition of release. Failure to submit to a search may be grounds for revocation. Defendant shall inform any other residents that the premises and his computer may be subject to a search pursuant to this condition.

B) Defendant shall not associate or have verbal, written, telephone, or electronic communication with any person under the age of 18 except (1) in the presence of the parent or legal guardian of said minor and (2) on the condition that Defendant notifies said parent or legal guardian of his conviction in the instant offense. This provision does not encompass persons under the age of 18, such as waiters, cashiers,

Plea Agreement of BRAD W. STEILING - page 10 of 14

ticket vendors, etc., with whom Defendant must deal in order to obtain ordinary and usual commercial services.

Defendant shall not associate, in person or in any other manner, with any individual who has a sexual interest in or attraction to minors (persons under the age of eighteen), nor shall he correspond with any such individual, without the prior express written approval of the probation officer.

Defendant shall not seek, obtain or maintain any residence, employment, volunteer work, church or recreational activities involving minors (persons under the age of 18) in any way, without the prior express written approval of the probation officer.

Defendant shall not reside within direct view of school yards, parks, public swimming pools, playgrounds, youth centers, video arcade facility, or other places primarily used by persons under the age of 18.

Defendant's residence and employment shall be approved by the probation officer, and any change in residence and/or employment must be approved by the probation officer. Defendant shall submit any proposed changes to residence and/or employment to the probation officer at least 20 days prior to any intended changes.

Defendant shall not frequent or loiter within 100 feet of schoolyards, playgrounds, theme parks, arcades, swimming pools, skating rinks, toy stores and other places where

Plea Agreement of BRAD W. STEILING - page 11 of 14

persons under the age of 18 play, congregate, or gather, without the prior express written approval of the probation officer.

Defendant will comply with all applicable requirements to register as a sexual offender.

At the direction of the probation officer, Defendant shall participate in an outpatient mental health program, including treatment for sexual deviancy, which may include polygraph testing.

## OTHER PROVISIONS

18. **Agreement Silent as to Matters Not Expressly Addressed.** This agreement is silent as to all aspects of the determination of sentence not expressly addressed herein, and the parties are free to advise the Court of facts and to make recommendations to the Court with respect to all aspects of sentencing not agreed to herein.

19. **Sentencing Recommendations Not Binding on the Court.** Defendant understands that the recommendations of the parties will not be binding upon the Court, that the Court alone will decide the applicable sentencing range under the advisory Sentencing Guidelines, whether there is any basis to depart from that range or impose a sentence outside of the Guidelines, and what sentence to impose. Defendant further understands that once the Court has accepted Defendant's guilty plea(s), Defendant will

Plea Agreement of BRAD W. STEILING - page 12 of 14

not have the right to withdraw such plea(s) if the Court does not accept any sentencing recommendations made on Defendant's behalf or if Defendant is otherwise dissatisfied with the sentence.

20. **Consequences of Breaching the Plea Agreement.** Defendant understands that if Defendant breaches any promise in this agreement or if Defendant's guilty plea(s) or conviction in this case are at any time rejected, vacated, or set aside, the USAO will be released from all of its obligations under this agreement and may institute or maintain any charges and make any recommendations with respect to sentencing that would otherwise be prohibited under the terms of the agreement. Defendant understands, however, that a breach of the agreement by Defendant will not entitle Defendant to withdraw, vacate, or set aside Defendant's guilty plea(s) or conviction.

21. **Agreement not Binding on other Jurisdictions and Agencies.** Defendant understands that this plea agreement is binding only on the United States Attorney's Office for the Northern District of Ohio (USAO). It does not bind any other United States Attorney, any other federal agency, or any state or local government.

22. **Defendant is Satisfied with Assistance of Counsel.** Defendant makes the following statements: I acknowledge receiving the assistance of counsel from attorney John S. Pyle concerning this plea agreement. I have fully discussed with my attorney all of my Constitutional trial and appeal rights, the nature of the charges, the elements of the

*plea.agreement.wpd*                                                         *Defendant's Initials:* ___B.S.___

Plea Agreement of BRAD W. STEILING - page 13 of 14

offenses the United States would have to prove at trial, the evidence the United States would present at such trial, the Sentencing Guidelines, and the potential consequences of pleading guilty in this case. I have had sufficient time and opportunity to discuss all aspects of the case in detail with my attorney and have told my attorney everything I know about the charges, any defense that I may have to those charges, and all personal and financial circumstances in possible mitigation of sentence. My attorney has done everything I have asked my attorney to do and I am satisfied with the legal services and advice provided to me by my attorney and believe that my attorney has given me competent and effective representation.

23. **Agreement Is Complete and Voluntarily Entered.** Defendant and Defendant's undersigned attorney state that this agreement constitutes the entire agreement between Defendant and the USAO and that no other promises or inducements have been made, directly or indirectly, by any agent or representative of the United States government concerning any plea to be entered in this case. In particular, no promises or agreements have been made with respect to any actual or prospective civil or administrative proceedings or actions involving Defendant, except as expressly stated herein. In addition, Defendant states that no person has, directly or indirectly, threatened or coerced Defendant to do or refrain from doing anything in connection with any aspect of this case, including entering a plea of guilty.

*plea.agreement.wpd*  *Defendant's Initials:* ___BS___

Plea Agreement of BRAD W. STEILING - page 14 of 14

## SIGNATURES

**Defendant:** I have read this entire plea agreement and have discussed it with my attorney. I have initialed each page of the agreement to signify that I have read, understood, and approved the provisions on that page. I am entering this agreement voluntarily and of my own free will. No threats have been made to me, nor am I under the influence of anything that could impede my ability to understand this agreement.

_Brad W. Steiling_  
BRAD W. STEILING

_6/12/06_  
Date

**Defense Counsel:** I have read this plea agreement and concur in Defendant pleading in accordance with terms of the agreement. I have explained this plea agreement to Defendant, and to the best of my knowledge and belief, Defendant understands the agreement.

_John S. Pyle_  
John S. Pyle, Esq.

_6-12-06_  
Date

**United States Attorney's Office:** I accept and agree to this plea agreement on behalf of the United States Attorney for the Northern District of Ohio.

_Michael A. Sullivan_  
Michael A. Sullivan  
Assistant U. S. Attorney (#0064338)  
United States Court House  
801 West Superior Avenue, Suite 400  
Cleveland, Ohio 44113-1852  
(216) 622-3977; (216) 522-2403 (facsimile)  
E-mail:Michael.A.Sullivan@usdoj.gov

_6/12/06_  
Date

**APPROVED:**

_David D. Dowd, Jr._  
David D. Dowd, Jr.  
UNITED STATES DISTRICT JUDGE

_9/22/06_  
Date

plea.agreement.wpd

Defendant's Initials: _BS_